UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LAVERNE ANDERSON,<br><br>          Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Respondent. | 1:11-cv–00482-SKO-HC<br><br>INFORMATIONAL ORDER<br><br>ORDER DIRECTING PETITIONER TO FILE WITHIN TWENTY (20) DAYS A STATEMENT OF INTENTION WITH RESPECT TO HIS MOTION FOR VOLUNTARY DISMISSAL (Doc. 7)<br><br>**DEADLINE: TWENTY (20) DAYS** |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the Petitioner's motion to dismiss his petition, which was filed on April 6, 2011.

I. Background

In the petition filed on March 22, 2011, Petitioner raised claims concerning trial errors in connection with his 2003 convictions in the Stanislaus County Superior Court of arson and

1

receiving stolen property, for which Petitioner stated he was sentenced to 300 days. (Pet. 1.) Petitioner admitted in the petition that he had not exhausted state court remedies as to his claims. (Pet. 2-3.)

On March 28, 2011, after review of the petition, the Court ordered Petitioner to show cause within thirty days why the petition should not be dismissed for Petitioner's failure to exhaust state court remedies.

On April 6, 2011, Petitioner requested or moved to dismiss his petition without prejudice.

## II. Informational Order to Petitioner regarding Dismissal Without Prejudice

### A. Applicability of the Rules of Civil Procedure

Although habeas corpus proceedings are characterized as civil in nature, Rule 12 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) provides that to the extent that they are not inconsistent with any statutory provisions or the rules, the Federal Rules of Civil Procedure may be applied to a § 2254 proceeding. The Advisory Committee's Notes caution that the civil rules apply only when it would be appropriate to do so and would not be inconsistent or inequitable in the overall framework of habeas corpus. Mayle v. Felix, 545 U.S. 644, 654-655 n.4 (2005).

The instant motion presents the Court with concerns that are analogous with those presented by similar motions in other civil actions. The Court seeks to achieve the orderly disposition of cases and to conserve the resources of the Court and the parties. The Court will thus apply the Federal Rules of Civil Procedure in

considering Petitioner's motion for dismissal of the case.

### B. <u>Dismissal</u>

Fed. R. Civ. P. 41(a) provides that an action may be dismissed voluntarily by a plaintiff without a court order by noticing the dismissal before an answer is filed, or by stipulation. Otherwise, an action may be dismissed at a plaintiff's request "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a).

### C. <u>Dismissal without Prejudice</u>

Petitioner seeks dismissal so he may exhaust his state court remedies and present his petition to this Court at a later date. Petitioner expressly seeks dismissal without prejudice.

A dismissal for failure to exhaust state court remedies would be nominally "without prejudice." However, it is likely that should the instant petition be dismissed, Petitioner would be unable to file a subsequent petition. This is because of the operation of the statute of limitations.

Petitioner is forewarned that there is a one-year limitations period in which a federal petition for writ of habeas corpus must be filed. 28 U.S.C. § 2244(d)(1). In most cases, the one-year period begins to run at the conclusion of direct review. <u>Id.</u> The limitations period is tolled while a properly filed request for collateral review is pending in state court. 28 U.S.C. § 2244(d)(2); <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999), <u>cert. denied</u>, 120 S.Ct. 1846 (2000). However, the limitations period is not tolled for the time such an application is pending in federal court. <u>Duncan v. Walker</u>, 121 S.Ct. 2120, 2129 (2001). Thus, the pendency of the present petition has not

3

tolled the statute of limitations.

Before the Court proceeds to consider Petitioner's request for voluntary dismissal of the petition, Petitioner will be given an opportunity to inform the Court whether, after considering the matters set forth above, he still desires to dismiss the present petition.

III. Disposition

Accordingly, Petitioner IS DIRECTED to file in this Court no later than twenty (20) days after the date of service of this order either a) a statement of intention to seek voluntary dismissal, or b) a withdrawal of the request for voluntary dismissal.  Petitioner is forewarned that a failure to comply with this direction will be considered a failure to comply with an order of the Court within the meaning of Local Rule 11-110 and will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:   April 26, 2011**                              /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE