# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LAVERNE ANDERSON, | ) 1:11-cv–00482-SKO-HC |
| | ) |
| Petitioner, | ) ORDER DISCHARGING ORDER TO SHOW |
| | ) CAUSE (DOC. 5) |
| | ) |
| v. | ) ORDER DISMISSING PETITION FOR |
| | ) WRIT OF HABEAS CORPUS FOR FAILURE |
| PEOPLE OF THE STATE OF | ) TO EXHAUST STATE COURT REMEDIES |
| CALIFORNIA, | ) (DOC. 1) |
| | ) |
| Respondent. | ) ORDER DECLINING TO ISSUE A |
| | ) CERTIFICATE OF APPEALABILITY |
| _____ | ) AND DIRECTING THE CLERK TO |
| | CLOSE THE CASE |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on March 30, 2011 (doc. 6).  Pending before the Court is the Court's order, which issued on March 28, 2011, to Petitioner to show cause why the petition

1  should not be dismissed for Petitioner's failure to exhaust state
2  court remedies.

3      I.  <u>Screening the Petition</u>

4      Rule 4 of the Rules Governing § 2254 Cases in the United
5  States District Courts (Habeas Rules) requires the Court to make
6  a preliminary review of each petition for writ of habeas corpus.
7  The Court must summarily dismiss a petition "[i]f it plainly
8  appears from the petition and any attached exhibits that the
9  petitioner is not entitled to relief in the district court...."
10 Habeas Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir.
11 1990); <u>see also</u> <u>Hendricks v. Vasquez</u>, 908 F.2d 490 (9th Cir.
12 1990).  Habeas Rule 2(c) requires that a petition 1) specify all
13 grounds of relief available to the Petitioner; 2) state the facts
14 supporting each ground; and 3) state the relief requested.
15 Notice pleading is not sufficient; rather, the petition must
16 state facts that point to a real possibility of constitutional
17 error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
18 <u>O'Bremski v. Maass</u>, 915 F.2d at 420 (quoting <u>Blackledge v.</u>
19 <u>Allison</u>, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition
20 that are vague, conclusory, or palpably incredible are subject to
21 summary dismissal.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th
22 Cir. 1990).

23     Further, the Court may dismiss a petition for writ of habeas
24 corpus either on its own motion under Habeas Rule 4, pursuant to
25 the respondent's motion to dismiss, or after an answer to the
26 petition has been filed.  Advisory Committee Notes to Habeas Rule
27 8, 1976 Adoption; <u>see</u>, <u>Herbst v. Cook</u>, 260 F.3d 1039, 1042-43
28 (9th Cir. 2001).

1    II.   Discharge of the Order to Show Cause

2        Because on April 6, 2011, Petitioner responded to the order

3    to show cause, the order to show cause will be discharged.

4    III.   Exhaustion of State Court Remedies

5        A.   Legal Standards

6        A petitioner who is in state custody and wishes to challenge

7    collaterally a conviction by a petition for writ of habeas corpus

8    must exhaust state judicial remedies.   28 U.S.C. § 2254(b)(1).

9    The exhaustion doctrine is based on comity to the state court and

10   gives the state court the initial opportunity to correct the

11   state's alleged constitutional deprivations.   Coleman v.

12   Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,

13   518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.

14   1988).

15       A petitioner can satisfy the exhaustion requirement by

16   providing the highest state court with the necessary jurisdiction

17   a full and fair opportunity to consider each claim before

18   presenting it to the federal court, and demonstrating that no

19   state remedy remains available.   Picard v. Connor, 404 U.S. 270,

20   275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.

21   1996).   A federal court will find that the highest state court

22   was given a full and fair opportunity to hear a claim if the

23   petitioner has presented the highest state court with the claim's

24   factual and legal basis.   Duncan v. Henry, 513 U.S. 364, 365

25   (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10

26   (1992), superceded by statute as stated in Williams v. Taylor,

27   529 U.S. 362 (2000) (factual basis).

28   ///

3

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by <u>Lyons v. Crawford</u>, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. <u>See</u>, <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7... (1982)), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, <u>e.g.</u>, <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>,

4

88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
at 865.
...
In Johnson, we explained that the petitioner must alert
the state court to the fact that the relevant claim is a
federal one without regard to how similar the state and
federal standards for reviewing the claim may be or how
obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as

amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir.

2001).

Where none of a petitioner's claims has been presented to

the highest state court as required by the exhaustion doctrine,

the Court must dismiss the petition.  Raspberry v. Garcia, 448

F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,

481 (9th Cir. 2001).  The authority of a court to hold a mixed

petition in abeyance pending exhaustion of the unexhausted claims

has not been extended to petitions that contain no exhausted

claims.  Raspberry, 448 F.3d at 1154.

B.  Background

Petitioner, an inmate of Avenal State Prison serving a

sentence of three hundred (300) days imposed by the Stanislaus

County Superior Court, raises claims concerning his convictions

of arson and receiving stolen property.  Petitioner complains of

vindictive prosecution in connection with a stay of sentencing,

the allegedly ineffective assistance of his counsel in connection

with advice concerning the consequences of his plea, and the

alleged invalidity of his guilty plea as unintelligent and

involuntary.  (Pet. 1-11.)

Petitioner stated that he did not appeal the judgment, and

he did not file any petitions, applications, or motions with

1  respect to the judgment in any state or federal court.  (Pet. 2.)
2  Petitioner marked as not applicable the portion of the form
3  asking if he had appealed to the highest state court having
4  jurisdiction the result of action taken on any petition,
5  application, or motion.  In response to a question concerning why
6  there was any failure to appeal from such an adverse action, he
7  stated that he never realized that the charge was not valid.
8  (Pet. 2-3.)

9      In response to the Court's order to show cause, on April 6,
10 2011, Petitioner moved to dismiss his petition without prejudice.

11     On April 27, 2011, the Court issued an informational order
12 to Petitioner informing him that although a dismissal for failure
13 to exhaust state court remedies would be nominally "without
14 prejudice,"  it was possible and even likely that if the petition
15 were dismissed, Petitioner would be unable to file a subsequent
16 petition due to the statute of limitations.  Before the Court
17 ruled on Petitioner's request for voluntary dismissal of the
18 petition, the Court granted Petitioner time to inform the Court
19 whether he still desired to seek voluntary dismissal of the
20 present petition.

21     On May 17, 2011, Petitioner withdrew his motion for
22 dismissal.  In the withdrawal, Petitioner informed the Court that
23 he had exhausted state court remedies, and he attached a copy of
24 the order of the Superior Court of the State of California,
25 County of Stanislaus dated May 5, 2011, in which the court denied
26 Petitioner's petition for writ of habeas corpus relating to a
27 felony theft case from 2003.  (Docs. 9, 3.)
28 ///

1          C.   Analysis

2      Petitioner has failed to establish that he exhausted state

3  court remedies because Petitioner has demonstrated only

4  exhaustion in the trial court; he has not shown that he exhausted

5  his state court remedies by presenting his claims to the

6  California Supreme Court.

7      A search of the official website for the California Courts,

8  http://www.courts.ca.gov, under Petitioner's name reveals no

9  information.[1]  Thus, the available record of state court

10 proceedings is consistent with Petitioner's representation that

11 exhaustion has proceeded to the trial court level, but it further

12 confirms Petitioner's apparent failure to present his claims to

13 the California Supreme Court.

14     Although non-exhaustion of remedies has been viewed as an

15 affirmative defense, it is the petitioner's burden to prove that

16 state judicial remedies were properly exhausted.  28 U.S.C.

17 § 2254(b)(1)(A); Darr v. Burford, 339 U.S. 200, 218-19 (1950),

18 overruled in part on other grounds in Fay v. Noia, 372 U.S. 391

19 (1963); Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981).

20 If available state court remedies have not been exhausted as to

21 all claims, a district court must dismiss a petition.  Rose v.

22 Lundy, 455 U.S. 509, 515-16 (1982).

23 ///

24

25     [1] The Court may take judicial notice of facts that are capable of
   accurate and ready determination by resort to sources whose accuracy cannot
26 reasonably be questioned, including undisputed information posted on official
   web sites.  Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331,
27 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d
   992, 999 (9th Cir. 2010).  It is appropriate to take judicial notice of the
28 docket sheet of a California court.  White v Martel, 601 F.3d 882, 885 (9th
   Cir. 2010), cert. denied, 131 S.Ct. 332 (2010).

1   Here, Petitioner did not establish exhaustion of state court

2 remedies in the petition.  Although the Court provided Petitioner

3 an opportunity to establish exhaustion, Petitioner demonstrated

4 only that he sought relief in the trial court, but not that he

5 had presented his claims to the California Supreme Court.

6   Therefore, it is concluded that Petitioner has failed to

7 meet his burden to establish exhaustion of state court remedies.

8 Accordingly, the petition will be dismissed without prejudice[2]

9 for failure to exhaust state court remedies.

10   IV.  Certificate of Appealability

11   Unless a circuit justice or judge issues a certificate of

12 appealability, an appeal may not be taken to the Court of Appeals

13 from the final order in a habeas proceeding in which the

14 detention complained of arises out of process issued by a state

15 court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537

16 U.S. 322, 336 (2003).  A certificate of appealability may issue

17 only if the applicant makes a substantial showing of the denial

18

19   [2]A dismissal for failure to exhaust is not a dismissal on the merits,
and Petitioner will not be barred from returning to federal court after

20 Petitioner exhausts available state remedies by the prohibition on filing
second habeas petitions set forth in 28 U.S.C. § 2244(b).  See, In re Turner,

21 101 F.3d 1323 (9th Cir. 1996).  However, the Supreme Court has held as
follows:

22   [I]n the habeas corpus context it would be appropriate for an
order dismissing a mixed petition to instruct an applicant that

23 upon his return to federal court he is to bring only exhausted
claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the

24 petitioner is made aware of the exhaustion requirement, no reason
exists for him not to exhaust all potential claims before

25 returning to federal court. The failure to comply with an order of
the court is grounds for dismissal with prejudice. Fed. Rules Civ.

26 Proc. 41(b).

Slack v. McDaniel, 529 U.S. 473, 489 (2000).

27
  Therefore, Petitioner is forewarned that in the event he returns to

28 federal court and files a mixed petition of exhausted and unexhausted claims,
the petition may be dismissed with prejudice.

8

of a constitutional right.  § 2253(c)(2).  Under this standard, a

petitioner must show that reasonable jurists could debate whether

the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement

to proceed further.  <u>Miller-El v. Cockrell</u>, 537 U.S. at 336

(quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)).  A

certificate should issue if the Petitioner shows that jurists of

reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that

jurists of reason would find it debatable whether the district

court was correct in any procedural ruling.  <u>Slack v. McDaniel</u>,

529 U.S. 473, 483-84 (2000).

In determining this issue, a court conducts an overview of

the claims in the habeas petition, generally assesses their

merits, and determines whether the resolution was debatable among

jurists of reason or wrong.  <u>Id.</u>  It is necessary for an

applicant to show more than an absence of frivolity or the

existence of mere good faith; however, it is not necessary for an

applicant to show that the appeal will succeed.  <u>Miller-El v.

Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of

appealability when it enters a final order adverse to the

applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could

debate whether the petition should have been resolved in a

different manner.  Petitioner has not made a substantial showing

of the denial of a constitutional right.

///

Accordingly, the Court will decline to issue a certificate of appealability.

V.   Disposition

Accordingly, it is ORDERED that:

1)   The order to show cause that issued on March 28, 2011, is DISCHARGED; and

2)   The petition for writ of habeas corpus is DISMISSED without prejudice for Petitioner's failure to exhaust state court remedies; and

3)   The Court DECLINES to issue a certificate of appealability; and

4)   The Clerk is DIRECTED to close the case.

IT IS SO ORDERED.

Dated:   __July 29, 2011__                        _____/s/ Sheila K. Oberto_____
                                                            UNITED STATES MAGISTRATE JUDGE